## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **WENDY JO ROMERO**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF RECOVERY SERVICES et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16cv00020-JNP-PMW<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] The court previously granted Wendy Jo Romero's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] The court now reviews the case pursuant to the IFP statute. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). In addition, before the court are Plaintiff motion for service of process[3] and motion for appointment of counsel.[4]

## BACKGROUND

Plaintiff's complaint names the following defendants: Office of Recovery Services ("ORS"), Angela Memmot, Keli Dixon, and Heather Rondorf. ORS is part of the Utah

---

[1] Docket no. 6.

[2] Docket no. 2

[3] Docket no. 4.

[4] Docket no. 5.

Department of Human Services, a state agency. Memmot, Dixon, and Rondorf (collectively the "Individual Defendants") are employees at the ORS.

Plaintiff's complaint is difficult to follow, but appears to assert that defendants violated her civil rights on the grounds of religious discrimination "by not honoring a Third District Court Order prepared by their attorney" and by repeatedly adjusting the amount of child support owed over the course of seven years.[5] Plaintiff claims that this caused "havoc" and "emotional stress" as defendants "harassed" her regarding the amount she owed.[6] Plaintiff suggests that the root of her problems with ORS stem from the fact that she was being persecuted as a Christian and that her "ex-husband received custody of [her] three children because [she] wasn't Mormon."[7] The custody determination and the child support payment orders would have come from the state court, not the ORS or the Individual Defendants.

## ANALYSIS

### A. Review Under the IFP Statute and Motion for Service of Process

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d

---

[5] Docket no. 3 at 3.

[6] *Id*. at 6.

[7] *Id*. at 4-5.

1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking its analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . . the basis for the plaintiff's claim or cause of action, and the demand for relief").

Plaintiff alleges violations of her rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourteenth Amendment.[8]

The Eleventh Amendment to the United States Constitution precludes "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. A state's sovereign immunity extends to suits under federal law brought by citizens of the state that has been sued. *Alden v. Maine,* 527 U.S. 706, 712 (1999). As a state agency, the ORS is immune from suit under the Eleventh Amendment and longstanding principles of sovereign immunity. Hence, Plaintiff cannot maintain her claims against the ORS.

As an additional basis, claims may not be brought against an agency under 42 U.S.C. §§ 1983 or 1985. Section 1983 creates a civil action against "[e]very person" who subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. However, states and state subdivisions are not "persons" against whom lawsuits under 42 U.S.C. § 1983 may be brought. *Howlett ex rel Howlett v. Rose*, 496 U.S. 356, 365 (1990) (noting that *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) "establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal or state court"). Similarly, § 1985 prohibits two or more "persons" from conspiring to deprive another of their civil rights. 42 U.S.C. § 1985. "The term 'persons' in § 1983 has the same meaning under § 1985." *Medina v. Cumberland Cnty.*, 2011 WL 1750738, at *2 n.7 (D.N.J. May 3, 2011) (unpublished). Thus, the ORS cannot be liable for violating § 1985. *Roberts v. Bradshaw*, 2006 WL 722226, at *2 (D. Utah Mar. 22, 2006) (unpublished) ("To be sued under . . . § 1985, each defendant must be an actual 'person.'").

---

[8] Docket no. 3 at 1, 7-8.

Plaintiff also sued the Individual Defendants, although it is unclear if the Individual Defendants are named in their individual or official capacities. If the Individual Defendants are named in their official capacities, Plaintiff's claims are precluded under the Eleventh Amendment and principles of sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 89 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest."). If the Individual Defendants are named in their individual capacities, the Individual Defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006).

Based on the foregoing, this court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted. Despite the significant deficiencies in the complaint, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Out of an abundance of caution, the court grants Plaintiff leave to file an amended complaint that addresses the above-mentioned deficiencies on or before October 14, 2016. Failure to do so will result in a recommendation that this matter be dismissed. Based on the court's determination here, Plaintiff's motion for service of process[9] is **DENIED** at this time.

### B. Motion to Appoint Counsel

Plaintiff also requests the appointment of counsel. "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint

---

[9] Docket no. 4.

an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court considers certain factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors here.  First, for the reasons discussed above, the court does not believe that Plaintiff's claims as pleaded have merit.  Second, there is no indication that Plaintiff is incapacitated or unable to pursue or present this case adequately.  Finally, the court has determined that the issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain.  Further, at this stage, the court is concerned only with the sufficiency of the pleadings, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding the alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

Accordingly, Plaintiff's motion for appointment of counsel by the court is **DENIED** at this time.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall file an amended complaint on or before October 14, 2016 that corrects the defects discussed herein.  Failure to do so will result in a recommendation that the district court judge dismiss the matter.

(2) Plaintiff's motion for service of process[10] is **DENIED**;

---

[10] Docket no. 4.

(3) Plaintiff's motion for appointment of counsel[11] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 16th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11] Docket no. 5.