# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **WENDY JO ROMERO,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF RECOVERY SERVICES,**<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00020-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Wendy Jo Romero ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is the review of Plaintiff's amended complaint[3] under the authority of the IFP Statute.

The following legal standards govern that review. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the

---

[1] *See* docket no. 6.

[2] *See* docket no. 2.

[3] *See* docket no. 10.

case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to

2

> state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## BACKGROUND

In her original complaint in this case, Plaintiff named the following defendants: Office of Recovery Services ("ORS"), Angela Memmot, Keli Dixon, and Heather Rondorf.[4] Plaintiff alleged causes of action for violation of her rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourteenth Amendment.[5]

The court conducted its review of Plaintiff's original complaint under the authority of the IFP Statute by way of a memorandum decision and order ("Order").[6] In the Order, the court noted that ORS is a part of the Utah Department of Human Services, a state agency, and that the

---

[4] *See* docket no. 3 at 1.

[5] *See id*. at 1, 7-8.

[6] *See* docket no. 9.

individuals named in Plaintiff's original complaint are current or former employees of ORS.[7] The court also noted that Plaintiff's original complaint was difficult to follow, but construed it to assert that the defendants named in her original complaint violated her civil rights on the grounds of religious discrimination "by not honoring a Third District Court Order prepared by their attorney" and by repeatedly adjusting the amount of child support owed over the course of seven years.[8] Plaintiff alleged claims that this caused "havoc" and "emotional stress," as the named defendants harassed her regarding the amount she owed.[9] Plaintiff further contended that the root of her problems with ORS stemmed from the fact that she was being persecuted as a Christian and that her ex-husband "received custody of [her] three children because [she] wasn't Mormon."[10]

After reviewing Plaintiff's original complaint, the court concluded that it failed to state claims upon which relief could be granted.[11] The court concluded that ORS, as a state agency, was immune from suit under the Eleventh Amendment and longstanding principles of sovereign immunity.[12] The court also concluded that Plaintiff's claims against ORS under section 1983 and section 1985 failed because ORS was not a "person" within the meaning of section 1983 and

---

[7] *See id*. at 1-2.

[8] Docket no. 3 at 3; *see also* docket no. 9 at 2.

[9] Docket no. 3 at 6; *see also* docket no. 9 at 2.

[10] Docket no. 3 at 4; *see also* docket no. 9 at 2.

[11] *See* docket no. 9 at 5.

[12] *See id*. at 4.

section 1985.[13]  With respect to the individuals named in Plaintiff's original complaint, the court concluded that regardless of whether Plaintiff had named them in their official or individual capacities, her claims against them failed under either the Eleventh Amendment (official capacity) or qualified immunity (individual capacity).[14]

Nevertheless, the court recognized that it was proper to dismiss a pro se plaintiff's complaint under the authority of the IFP Statute "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).[15]  Accordingly, out of an abundance of caution, the court granted Plaintiff leave to file an amended complaint that addressed the deficiencies in her original complaint.[16]  Plaintiff subsequently filed her amended complaint,[17] which is now before the court for review under the IFP Statute.

As with her original complaint, Plaintiff's amended complaint is generally disjointed and difficult to follow.  Although Plaintiff named only ORS in the caption of her amended complaint, in the body of that complaint she names the following additional defendants, all of whom are current or former employees of ORS:  Cynthia Aposhian, Lori Snyder, Angela Memmot, Terri Dixon, Tammy G. Night, Margie Brunswick, Keli Francis, Susan K. Cleaver, and Desiree

---

[13] *See id*.

[14] *See id*. at 5.

[15] *See id*.

[16] *See id*.

[17] *See* docket no. 10.

Morales (collectively, "Individual Defendants").[18] It appears that Plaintiff is again alleging violations of her civil rights on the grounds of religious discrimination.[19] While Plaintiff recites many facts about the handling of her case by ORS and the Individual Defendants, she makes no connection between those facts and her religious affiliation. Instead, Plaintiff makes the conclusory assertion that ORS "has shown discrimination to me[,] 'Religious Discrimination,['] thru [sic] their [sic] employee's [sic] as conspiracy (being more than one) has been shown since I am not male (as they keep protecting the men in this – yet when I received 'Christ' as my Savoir – that's when [ORS] started their [sic] discrimination!"[20]

## ANALYSIS

I.  **Review of Plaintiff's Amended Complaint Under the IFP Statute**

After reviewing Plaintiff's amended complaint, the court concludes that it fails to address any of the deficiencies in her original complaint. Accordingly, for the same reasons set forth in the Order, the court concludes that Plaintiff's amended complaint fails to state any claims upon which relief can be granted.

Plaintiff's claims against ORS are barred by the Eleventh Amendment. The Eleventh Amendment precludes "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Supreme Court has recognized that a state's sovereign immunity extends to suits under federal law brought by

---

[18] *See* docket no. 10 at 1, 22-27.

[19] *See generally id.*

[20] *Id.* at 28.

citizens of the state that has been sued. *See Alden v. Maine*, 527 U.S. 706, 712 (1999). As a state agency, ORS is immune from suit under the Eleventh Amendment and principles of sovereign immunity.

Plaintiff's claims against ORS also fail because they cannot be brought against a state agency under section 1983 or section 1985. Section 1983 creates a civil action against "[e]very person" who subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. However, states and state subdivisions are not "persons" against whom lawsuits under section 1983 may be brought. *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) (noting that *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) "establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal or state court"). Similarly, section 1985 prohibits two or more "persons" from conspiring to deprive another of his or her civil rights. 42 U.S.C. § 1985. "To be sued under . . . § 1985, each defendant must be an actual 'person.'" *Roberts v. Bradshaw*, No. 2:04-cv-1113 DAK, 2006 WL 722226, at *2 (D. Utah Mar. 22, 2006).

As for Plaintiff's claims against the Individual Defendants, it is unclear whether she is naming them in their official or individual capacities. Regardless, Plaintiff's claims against the Individual Defendants fail under either theory. If the Individual Defendants are named in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment and sovereign immunity. *See, e.g.*, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). If the Individual Defendants are named in their individual capacities, they are entitled to qualified immunity because Plaintiff's allegations, if true, do not establish a constitutional violation. *See Pearson v. Callahan*, 555 U.S.

223, 232 (2009) (providing that the first prong under the qualified immunity analysis is that "a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right"); *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (providing that the first inquiry for the qualified immunity analysis is "whether the plaintiffs' allegations, if true, establish a constitutional violation"). Even accepting the allegations in Plaintiff's amended complaint as true, they are only conclusory allegations about religious discrimination, which the court is not required to accept. *See Bellmon*, 935 F.2d at 1110; *Dunn*, 880 F.2d at 1197. Indeed, other than making the bald assertion that she was somehow discriminated against based on her religion, Plaintiff makes no connection between the actions of the Individual Defendants and her religious affiliation.

For the foregoing reasons, the court concludes that Plaintiff's amended complaint fails to state any claims upon which relief can be granted. Therefore, under the authority of the IFP Statute, Plaintiff's amended complaint should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Futility of Amendment

Although the court has concluded that Plaintiff's amended complaint should be dismissed, the court recognizes that it may dismiss a pro se plaintiff's complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Given the foregoing analysis, and the fact that Plaintiff has already been provided with an opportunity to amend her complaint, the court has determined that Plaintiff could not provide any additional, plausible allegations that would save any of her claims from

dismissal.  Accordingly, the court concludes that it would be futile to provide Plaintiff with an opportunity to amend her complaint.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted.  The court also concludes that it would be futile to provide Plaintiff with an opportunity to amend her complaint.  *See id*.  Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 3rd day of October, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge