IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WENDY JO ROMERO,<br><br>                Plaintiff,<br>v.<br><br>OFFICE OF RECOVERY SERVICES,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**<br><br>Case No. 2:16-cv-20<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul Warner |

Pro se plaintiff Wendy Jo Romero, proceeding in forma pauperis ("IFP"), initiated this action against Utah's Office of Recovery Services ("ORS")[1] and several of its employees on January 21, 2016. (ECF No. 3). As required by the IFP statute, Magistrate Judge Warner screened the complaint and issued an order on September 16, 2016, finding that it failed to state a claim upon which relief can be granted. (ECF No. 9). He also granted Ms. Romero leave to amend to address the deficiencies identified in that order.

On October 14, 2016, Ms. Romero filed her amended complaint. (ECF No. 10). On October 14, 2018, Magistrate Judge Warner issued a Report and Recommendation that Ms. Romero's amended complaint be dismissed with prejudice on grounds that it again failed to state a claim upon which relief can be granted. (ECF No. 11). Ms. Romero filed a timely objection to that Report and Recommendation, (ECF No. 13), and as a result, the court "must determine de novo" whether her objections have merit. Fed R. Civ. P. 72(b)(3).

---

[1] ORS is an agency within Utah's Department of Human Services whose mission is to "ensure that parents are financially responsible for their children by providing child support services and support for children in care."

## I. LEGAL STANDARD

When screening an IFP complaint, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "A court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Legal conclusions "are not entitled to the assumption of truth" but "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. ANALYSIS

Ms. Romero does not object to a specific portion of Magistrate Judge Warner's Report and Recommendation. Rather, she asserts that her complaint generally states a claim for relief, directing the court to review "pages 2 thru 27" for "the listed events" that give rise to her claim.[2] She also restates her allegations that "ORS (defendant) thru employees has chosen to show unfair, discrimination, improper actions, to the plaintiff, for many years[.]"

---

[2] The complaint is very difficult to follow, but can be broadly described as recounting 16 years of interactions with ORS, most of which relate to that office's attempts to assess and collect child support or other fees against her in favor of her erstwhile partner, Mohammed (alternately referred to as Mike Rafiti). Ms. Romero suggests generally that ORS has favored Mohammed, a Muslim man, over her, a Christian woman, for discriminatory reasons.

Adding more confusion to Ms. Romero's objection to dismissal, however, is that she also requests the "transfer of this case to a lower court (Third District Court)[.]" Of course, having originated in this court, there is no mechanism by which her case may be transferred to a state forum. However, to the extent that this order is not found to have preclusive effect by Utah's Third District Court, she remains free to initiate an action in that forum.

To address Ms. Romero's broad objection to the Report and Recommendation, the court conducts a brief review thereof.

Magistrate Judge Warner construed Ms. Romero's complaint to allege claims against ORS and its employees under 42 U.S.C. §§ 1983 and 1985 for religious and gender discrimination. Magistrate Judge Warner analyzed the viability of the claims against the employees in their individual and official capacities. As to claims against ORS (an arm of the state of Utah) as well as claims against ORS employees in their official capacities (functionally suits against ORS), Magistrate Judge Warner found that Ms. Romero's complaint was barred by sovereign immunity, given that she seeks money damages. And even if Utah elected to waive its immunity, the Supreme Court has made clear that the 42d Congress, in enacting the Civil Rights Act of 1871—which created the enforcement provisions of §§ 1983 and 1985—did not include states within the definition of "persons" liable under these provisions. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Magistrate Judge Warner further found that to the extent Ms. Romero intended to sue ORS employees in their individual capacities, those employees enjoy qualified immunity. Conducting a qualified immunity analysis, Magistrate Judge Warner found that that the facts in the complaint, accepted as true, did not establish a constitutional violation because "[w]hile Plaintiff recites many facts about the handling of her case by ORS and the Individual

Defendants, she makes no connection between those facts and her religious affiliation." He concluded that, aside from conclusory statements that Ms. Romero experienced discrimination, the complaint contained insufficient factual allegations to support her claim for relief.

Finally, because Ms. Romero had already been given leave to amend to attempt to state a cognizable claim, Magistrate Judge Warner concluded that the amended complaint should be dismissed with prejudice.

Having reviewed the applicable law and Ms. Romero's amended complaint de novo, the court agrees with Magistrate Judge Warner that, for the reasons above, that complaint fails to state a claim upon which relief can be granted. The court further finds that in light of Ms. Romero's failure to address the legal and factual deficiencies in both her initial and amended complaint, dismissal with prejudice is appropriate.

## III.  ORDER

The objections to Magistrate Judge Warner's Report and Recommendation are hereby **OVERRULED.** The court, therefore, **ADOPTS IN FULL** the Report and Recommendation, and this action is **DISMISSED WITH PREJUDICE.**

Signed November 13, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge